No. 12,235.

Building Laborers International Protective Union of America, No. 1 of Denver, et al. *v.* International Hod Carriers Building and Common Laborers Union No. 720, et al.

Decided May 6, 1929.

Mr. Thomas Campbell, Mr. M. M. Humphreys, for plaintiffs in error.

Mr. Harold T. Bate, Mr. Wayne C. Williams, for defendants in error.

*Department One.*

Mr. Justice Campbell delivered the opinion of the court.

Plaintiff below, plaintiff in error here, brought this action against the defendants in error, defendants below, because of their alleged unlawful interference with plaintiff's ownership and possession of its real and personal property. In its complaint, and in its brief on this review, plaintiff says that for the wrongs committed by the defendants no adequate relief can be given in any action

at law, either under our code substitutes for common-law replevin or ejectment, or in any other common-law or statutory action or proceeding. In the complaint the specific alleged reasons for such conclusion are set forth, but it is not necessary to reproduce them.

The complaint purports to contain two separate causes of action. The first sets out the nature of the wrongs committed by defendants and concludes with the statement: "That no pecuniary damages would be adequate compensation to the plaintiff for the loss of said property. * * * * That plaintiff has no adequate remedy at law." No relief of any kind is prayed at the end of this alleged cause of action. Immediately following the language quoted the complaint thus proceeds: "Complaining of defendant for a second cause of action" plaintiff adopts all the charging paragraphs of the first cause, and for relief asks, in effect, that defendants be restrained by injunction from disposing of, injuring or concealing the real and personal property of the plaintiff, and as incidental thereto that defendants be required to restore the same to the plaintiff, and that defendants be enjoined from interfering with plaintiff, its property, meetings, members and organization, and for damages and costs. We have used the exact language of the complaint.

Taking the complaint as a whole, though it purports on its face to state two separate causes of action, it really pleads, or attempts to plead, but one, and that in equity. Plaintiff intended the trial court to believe, and so hold, that because no legal remedy would afford adequate relief, plaintiff, therefore, did not ask relief of that character, but sought the relief which could be had only in a court of equity. In other words, the plaintiff's first alleged cause of action was merely introductory to, or explanatory of, the second and gave at great length the reasons why legal relief was not asked and equitable relief only was sought. Plaintiff's avowed purpose was to convince the court that a legal remedy was inadequate and for that reason invoked the equitable jurisdiction of

the court and did not ask or demand legal relief as such. The trial court thereupon, accepting plaintiff's own theory of the action, sustained the defendants' demurrer to the complaint for insufficient facts, which, properly interpreted, pleads but one cause of action and that in equity. Time was given to the plaintiff to amend its complaint, but it declined to do so standing by that pleading. The court then dismissed the action and this writ of error was sued out by plaintiff to review the judgment. The mere statement as above given is sufficient reason for affirmance. No argument could make any plainer that plaintiff relied solely upon its complaint, as stating a cause of action in equity, and had no intention of relying upon any legal remedy. There was no occasion for resorting to equity on the admitted facts of the complaint. Plaintiff could get back, if the proofs supported the allegation, its personal property in an action of claim and delivery, common-law replevin, and its real estate in the code action to recover possession, common-law ejectment. The judgment of the district court is therefore affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Alter concur.